IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AVONDA FOX | ) | |
| | ) | |
| v. | ) | 3-07-CV-918-B |
| | ) | |
| CAREY COCKERELL, et al | ) | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's orders of reference, on February 10, 2009, came on to be heard Defendants' Motion to Dismiss (Doc. 37) and Defendants' Motion for Summary Judgment (Doc. 42), and the magistrate judge finds and recommends as follows:

The Defendants appeared through their counsel of record Mishell Kneeland and Plaintiff appeared through her counsel, Thomas W. McKenzie. The record reflects that on October 4, 2007, the District Court filed her order (Doc. 8) directing Plaintiff to file a Rule 7(a) reply by October 15, 2007. Fox did not file a reply, but she filed her first amended complaint on October 15, 2007.[1] Plaintiff did not file a response to either of the motions which were set for hearing.

**Defendants' Motion to Dismiss:** Defendants' motion relates to the claims asserted by Avonda Fox in her first amended complaint against them in their individual capacities.[2]

---

[1] Although I am not persuaded the filing of an amended complaint satisfied the Rule 7(a) order, at the hearing Mr. McKenzie advised that at a conference with the District Court on a later date, Judge Boyle stated that Plaintiff's amended complaint constituted compliance with her order.

[2] Although the style of Plaintiff's First Amended complaint (Doc. 10) identifies Carey Cockerell as being sued in his individual capacity as well as in his official capacity, the opening paragraphs names him in "his official" (sic) and in ¶ 4 as being sued in his official capacity for injunctive relief. *See also* ¶¶ 62 and 68-71. The remaining Movants are sued in both their official and individual capacities. *Id.* at ¶¶ 5-12, 15, 19 and 21. Except as listed in the style of the amended complaint and in the opening paragraph Azura Johnson is not otherwise mentioned in the body of the pleading.

Each of the Movants has asserted a defense of qualified immunity and in their motion they seek dismissal of all claims brought against them in each one's individual capacity. *See* motion at 2. The injury for which Plaintiff seeks to hold these defendants personally liable is the death of the infant Jacob Fox, which occurred on July 20, 2006, after he was left in a van due to the negligence of an employee of Dream House Learning Center. *See* Plaintiff's First Amended Complaint at ¶¶ 26 and 27. In order to determine whether a plaintiff can defeat a claim of qualified immunity the court engages in a three-step process (1) whether a violation of a constitutional right has been alleged; (2) whether that right was "clearly established" under the law; and, (3) was the defendant's conduct objectively unreasonable. *See e.g. Roe v. Texas Department of Protective and Regulatory Services,* 299 F.3d 395, 401-402 (5th Cir. 2002); *Hare v. City of Corinth, Miss.,* 135 F.3d 320-325-326 (5th Cir. 1998).

In light of the fact that Fox did not file a response to the motion it is difficult to determine if she has identified a constitutional violation. However, in his statements to the court, Mr. McKenzie asserted that the Movant Defendants placed Jacob Fox in a state-created danger. *See also* Plaintiff's First Amended Complaint State Created Danger at 14. However, as noted in Defendants' motion to dismiss at n.6 and as reiterated by Ms. Kneeland at the hearing, this theory of § 1983 liability has never been accepted by the Fifth Circuit. *See e.g. Breen v. Texas A&M University,* 494 F.3d 516, 518 (5th Cir.) cert. denied ___ U.S. ___, 128 S.Ct. 377 (2007).[3] Because Plaintiff has failed to allege the violation of a federally protected right she cannot establish the first step of the immunity analysis, to wit: an invasion of a legally protected interest and therefore Plaintiff's federal

---

[3]The allegations under Federal and State Law Claims at 14 of the First Amended Complaint allege claims based upon negligent conduct which clearly are not cognizable in a § 1983 action. *See e.g. Daniels v. Williams*, 474 U.S. 327, 328-29, 106 S.Ct. 662, 663 (1986).

claims against the Movant defendants in their individual capacities should be dismissed for want of jurisdiction.[4]

**Defendants' Motion for Summary Judgment:** The Movant defendants' motion for summary judgment is predicated upon their assertion that Avonda Fox lacks standing to bring this action against them in their individual capacities. Standing is the keystone in determining whether a federal court has jurisdiction to consider a disputant's claim under the "case-or-controversy" provision of Art. III, § 2, cl. 1. of the United States Constitution. Standing is fundamental to the issue of whether a federal court even has the power to hear a case. *See e.g. Rivera v. Wyeth-Ayers Labs,* 283 F.3d 315, 319 (5th Cir. 2002).

Whether a litigant in a federal court suit has standing is determined by the presence of three minimal elements. First, a plaintiff must have suffered an "injury in fact" - an invasion of a legally protected interest which is (a) concrete and particularized ... and (b) actual or imminent, not conjectural or hypothetical ... Second, there must be a causal connection between the injury and the conduct complained of ... Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61, 112 S.Ct. 2130 (1992).

The central focus of the Defendants' motion for summary judgment is Plaintiff's failure to

---

[4] It becomes necessary to consider the second and third steps of the qualified immunity analysis only if it is found that the defendants engaged in conduct which violated a protected constitutional right. *See Hope v. Pelzer*, 536 U.S. 730, 739-40, 122 S.Ct. 2508 (2002). However, since the Fifth Circuit does not recognize state-created danger as a basis for § 1983 liability, it is self-evident that none of the conduct (acts or omissions) attributed to the Movants can be said to have violated "clearly established statutory or constitutional rights of which a reasonable person would have known at the time that such conduct took place." *See e.g. Sorenson v. Ferrie,* 134 F.3d 325, 330 (5th Cir. 1998).

demonstrate a colorable causal connection between their conduct and the death of the infant Jacob Fox. Avonda Fox apparently seeks to render the individual defendants liable for the death of the child on July 20, 2006, based upon inspections of the Dream House Learning Center between March 13, 2002, and up to July 2006. Aside from the names of the Movants which appear on inspection reports in Attachment A to Plaintiff's First Amended Complaint, Plaintiff has made no effort to demonstrate a causal connection between the conduct of each individual defendant and the death of the child. On the other hand each defendant has executed an affidavit (declaration under penalty of perjury) denying any involvement in the negligent actions of the day-care center's employee. *See* Appendix to Defendants' motion.[5]

At the summary judgment stage "the plaintiff can no longer rest on mere allegations, but must set forth by affidavit or other evidence specific facts" validating his right to standing. *Ford v. NYL Care Health Plans,* 301 F.3d 329, 332-33 (5th Cir. 2002), citing *Lujan, supra,* 504 U.S. at 561. Because Plaintiff has not properly controverted any of the facts asserted in the Defendants' affidavits, the court may accept such statements as true.

Plaintiff has done nothing to create a genuine issue of fact to demonstrate a causal connection between the death of Jacob Fox and the actions of any defendant in such person's individual capacity. Therefore, she has not carried her burden to establish standing with respect to her federal claims and Defendants' motion for summary judgment should be granted.

**CONCLUSION AND RECOMMENDATION**:

For the reasons stated above Plaintiff lacks standing to bring any federally mandated cause

---

[5]In her affidavit Defendant Irish Burch stated that her work as an investigator ended in August 2003, nearly three years prior to the death of Jacob Fox. *See also* the affidavit of Sheryl Dudley reflecting a termination of her inspection duties in August 2003.

4

of action against the Defendants named in this action and Defendants are entitled to an order and judgment dismissing Plaintiff's civil rights claims with prejudice.

For the reasons stated above - and in the alternative - the persons named as defendants, in this action, and sued in their individual capacities are entitled to an order and judgment dismissing with prejudice Plaintiff's civil rights claims for damages against each individual defendant.

In their motions Defendants urge the court to dismiss <u>all</u> claims brought against the Defendants in their individual and official capacities. *See* Defendants' <u>Conclusions</u> in their respective motions. The magistrate judge declines to address the state law claims asserted by Avonda Fox in her First Amended Complaint. The Defendants' motion for summary judgment relates solely to a federal court's jurisdiction under the United States Constitution.

Defendants' motions are wholly silent with respect to the issue of whether Texas state law authorizes the imposition of injunctive relief against a state agency as prayed for in Plaintiff's amended complaint.

Defendants' briefing alludes to the fact that the Eleventh Amendment prohibits the imposition of monetary damages against a State or a state agency in an action brought in federal court for violation of the Civil Rights Act (42 U.S.C. § 1981 et seq). However, it does not address whether a similar prohibition exists under Texas state law.

Defendants also suggest that they are also immune from a suit for damages in their individual capacities under the Texas state doctrine of official immunity. However, it is noteworthy that in the very case which they cite, *Roe v. Texas Department of Protective and Regulatory Services, supra,* 299 F.3d at 413, the Fifth Circuit declined to evaluate and determine the claim of official immunity. Under the current state of the record, there is insufficient information to decide this parallel type of

immunity under Texas state law as it relates to the state law claims asserted in Plaintiff's amended complaint.

A copy of this recommendation shall be transmitted to counsel for the parties.

SIGNED this 11th day of February, 2009.

                          _WM. F. Sanderson, Jr._
                          WM. F. SANDERSON, JR.
                          UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.