UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AVONDA FOX, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. 3:07-CV-0918-B |
| | § | |
| CAREY COCKERELL, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Plaintiff Avonda Fox (hereinafter, "Fox") initiated this action against Defendants on May 23, 2007, averring violations of the Civil Rights Act, 42 U.S.C. § 1983, and state law causes arising out of negligence and the violation of Texas Human Resources Code § 42.001 *et seq*. The Court adopted the findings and recommendation of the United States Magistrate Judge, disposing of Fox's federal claims. The only causes thus remaining are for the violation of Texas law.

"District courts enjoy wide discretion in determining whether to retain supplemental jurisdiction over a state claim once all federal claims are dismissed." *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993); *see also Burns-Toole v. Byrne*, 11 F.3d 1270, 1276 (5th Cir. 1994) (same). In determining whether to maintain jurisdiction after the dismissal of all federal claims, "courts should exercise their discretion in a way that best serves the principles of economy, convenience, fairness, and comity." *Doddy v. Oxy U.S.A., Inc.*, 101 F.3d 448, 456 (5th Cir. 1996) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1987)); *Newport Ltd. v. Sears, Roebuck & Co.*, 941 F.2d 302, 307 (5th Cir. 1991). In the usual case, however, once all federal claims have been dismissed from an action, these factors counsel in favor of dismissing the state causes without prejudice. *See Bunch v.*

*Duncan*, 2002 WL 324287, at *4 (N.D.Tex. Feb. 27, 2002) (citing *Carnegie-Mellon*, 484 U.S. at 350 n. 7).

In light of the dismissal of Fox's federal claims, the Court finds that there is no federal interest in exercising supplemental jurisdiction over Fox's state causes of action. The principles of economy, fairness, convenience, and comity counsel in favor of dismissing Fox's state claims without prejudice. Not only will such a dismissal conserve precious judicial resources, but it promotes the notions of fairness and convenience, as both parties have requested this Court remand Fox's state causes to a Texas forum, (Def.'s Objections to Magistrate's Report (doc. 57); Pl.'s Br. in Resp. to Def.'s Obj. (doc. 59)). Accordingly, the Court finds that Fox's state claims against Defendants Carey Cockerell, the Texas Department of Family and Protective Services, Carla Brown, Crystal Young, Georgia Traylor, Lona Mathis, Molody Nalls, Chauntae Kato, Irish Burch, Azura Johnson, Sonya Evans, Margaret Armstrong, Kim Dominguez, and Sheryl Dudley should be and hereby are **DISMISSED without prejudice**.

The Court notes that this order does not concern any of the claims alleged against Defendant Idias Mims, proceeding *pro se*, as no dispositive motions have been filed on his behalf. In disposing of Fox's federal claims as to all other defendants, the Court found that Fox lacked standing to prosecute such an action. The Court, therefore, directs Fox to file a notice informing the Court whether she wishes to maintain her causes of action against Mims. Fox's notice must be filed within *three (3) days* of the date of entry of this order. Failure to comply with this directive will result in the dismissal of Fox's federal claims against Mims for failure to plead a justiciable case or controversy under Article III of the United States Constitution.

SO ORDERED.

SIGNED March 10, 2009

                                                    _____
                                                    JANE J. BOYLE
                                                    UNITED STATES DISTRICT JUDGE